**GLEITSMAN et al. v. MONARCH SANITARY PRODUCTS, Inc.**

No. 8567.

District Court, E. D. New York.

Dec. 29, 1941.

See, also, D.C., 42 F.Supp. 259.

Brown & Jones, of New York City, for plaintiffs, for the motion.

Judah B. Felshin, of New York City, for defendant, opposed.

CAMPBELL, District Judge.

This is a motion to punish the defendant for contempt of court for an alleged violation of an injunction issued pursuant to a decree of this Court enjoining defendant from making or selling hampers embodying the design of design patent No. 110,355 issued to Harold Gleitsman on July 5, 1938.

The said design patent does not contain any written description, but has a single sketch showing the patented design.

The art, as far as designs are concerned, is a crowded one, and the patent in question was sustained because of certain elements pointed out in my opinion rendered after the trial, which as I found made it distinguishable in appearance and fact from the prior art (D.C., 26 F.Supp. 152) and all of those elements are not found in the defendant's article on which this motion is based.

The true test in the case of a design patent is whether the impression made on the mind of the ultimate purchaser of the design of the alleged infringing article is the same as that of the patent in suit, and whether the average purchaser seeing one structure would mistake it for the other.

It seems clear to me that the impression made on the mind of the average purchaser by the defendant's article, on which this motion is based, is not the same as that of the plaintiff's patent which was in suit, whether viewed together or separately, and that the average purchaser seeing the defendant's said article would not mistake it for that of the plaintiff's patent which was in suit.

It seems hardly necessary to point out the specific differences between defendant's article on which this motion is based and that of the plaintiff's patent which was in suit, as they are clearly visible.

In fact, plaintiffs say that Monarch, the defendant herein, has departed further from the infringing design than has New York Standard, the defendant in the companion suit decided by me today, Gleitsman v. New York Standard Mfg. Co., D.C., 42 F.Supp. 259, and, therefore, if I was right in denying that motion, as I did, of course I must be right in denying this motion.

If plaintiff is entitled to any relief, it is by way of supplemental complaint and not by a motion to punish for contempt.

Motion denied, without any costs, disbursements or counsel fee.

See also, D.C., 42 F.Supp. 258.