## GLEITSMAN et al. v. NEW YORK STANDARD MFG. CO., Inc.

### No. 8568.

District Court, E. D. New York.

Dec. 29, 1941.

See also, D.C., 42 F.Supp. 258.

Brown & Jones, of New York City, for plaintiffs, for the motion.

David M. Liptzen, of New York City, for defendant, opposed.

CAMPBELL, District Judge.

This is a motion to punish the defendant for contempt of court for an alleged violation of an injunction decree issued out of this Court on the 1st day of February, 1939, in which defendant was enjoined from making or selling hampers embodying the design of the design patent No. 110,355 issued to the plaintiff Harold Gleitsman on July 5, 1938.

The said design patent contains no written description, but has a single sketch showing the patented design.

This art, so far as designs are concerned, is a crowded one, and the patent in question was sustained because of certain elements pointed out in my opinion rendered after the trial which as I found made it distinguishable in appearance and fact from the prior art (D.C., 26 F.Supp. 152) and all of those elements are not found in the defendant's articles on which this motion is based.

The true test in the case of a design patent is whether the impression made on the mind of the ultimate purchaser of the design of the alleged infringing article is the same as that of the patent in suit, and whether the average purchaser seeing one structure would mistake it for the other.

It seems clear to me that the impression made on the mind of the average purchaser by the defendant's articles, on which this motion is based, is not the same as that of the plaintiff's patent, which was in suit, whether viewed together or separately, and that the average purchaser seeing the defendant's said articles would not mistake either one for that of the plaintiff's patent, which was in suit. What I have said here applies to both of the hampers marked Exhibits A and B.

Defendant is manufacturing Exhibit A in accordance with design patent No. 128,577, issued July 22, 1941.

Defendant has discontinued the manufacture of hampers like Exhibit B.

It seems hardly necessary to point out the specific differences between defendant's articles on which this motion is based, and that of the plaintiff's patent which was in suit, as they are clearly visible.

If plaintiff is entitled to any relief, it is by supplemental complaint, and not by a motion to punish for contempt.

Motion denied, without any costs, disbursements or counsel fee.